Opinion by Willson, J.

## HEARNE v. PRENDERGAST ET AL.

Appeal from Robertson county.

*Appeal—Affidavit—Proof.*—Our statutes provides that when an appellant is unable to pay the costs of an appeal, or give security therefor, that he may be allowed to prosecute the appeal by making proof of his inability to pay the costs, or any part thereof. This proof is to be made before the county judge of the county where such party resides, or before the court trying the case, and is to consist of the affidavit of the party making it, stating his inability to pay the costs. (Revised Statutes, article 1401.) They do not in positive terms require that the affidavit shall be made and sworn to before the county judge of the court trying the cause, but it was held by this court in Wooldridge vs. Roller, 52 Texas, 452, that where the affidavit was made before any other officer, the county judge must certify that the fact required to be verified by the affidavit had been proved before him. It was further held that the affi-

davit and the certificate of the county judge must be filed with the clerk of the court in which the case is tried in time to perfect the appeal. Of course, if the proof is made before the court trying the cause, and not the county judge, there must be some evidence in the record that the facts required to be shown by the affidavit had been established before the court. In the present case there is in the record an affidavit in proper form, sworn to by appellant before a notary public, but it is not certified to by a county judge, nor could it have been made in the court trying the cause, as that court had adjourned for the term several days before the date of the affidavit. How this paper found its way into the files of the court is not disclosed by the record. A statute so particular in its requirements as to the mode of perfecting the appeal cannot be satisfied by a mere affidavit taken before a notary and not passed upon in any manner by the officers to whom the law commits the trust of hearing and determining the proof upon which the appeal is to be allowed. It grants the privilege of litigating in this court without securing the officers of the court payment for their services rendered in the cause, a privilege to be enjoyed under certain circumstances, and in a manner expressly provided by the statute, and its provisions in these respects must be substantially pursued. They have not been complied with in this case and the appeal is dismissed.

Opinion by Willie, C. J.